(104 So. 377)

No. 27163.

## COTONIO v. SUCCESSION OF FORESTIERE.

### In re COTONIO.

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

**Action ⬤≡⬤57(1)—Suit by attorney against succession for services properly consolidated with succession proceedings.**

Suit by an attorney, against succession, for services rendered to deceased during his lifetime, and to his estate after his death, is, in view of Code Prac. art. 1036, a probate proceeding in which trial by jury cannot be allowed, and hence such suit was properly consolidated with succession proceedings.

St. Paul, J., dissenting.

Suit by Theodore Cotonio against the succession of Andrea Forestiere, which was consolidated with the succession proceedings, and plaintiff applies for writs of mandamus and certiorari, directed to Hon. Mark M. Boatner, Judge of Division B of the Civil District Court for the Parish of New Orleans, ordering him to rescind order of consolidation. Rule nisi recalled, and application refused.

Theo. Cotonio, of New Orleans, for relator.

U. Marinoni, Jr., and Michel Provosty, both of New Orleans, for administratrix, Mrs. Domenica Forestiere.

LAND, J. Relator instituted a suit against the succession of Andrea Forestiere in the civil district court for the parish of Orleans to recover the sum of $19,187.28 for services rendered as attorney to the deceased during his lifetime, and to his estate after his death, and for various amounts advanced as costs, taxes, etc.

The case fell by allotment to division B of said court, presided over by Hon. Mark M. Boatner, judge.

Relator amended his petition after an exception of vagueness was sustained, and other exceptions were filed.

After the filing of the exception of vagueness, the administratrix of said succession presented a rule to have relator's suit consolidated with the succession proceedings, which were then pending before division D of the civil district court, Hon. Porter Parker, judge presiding. The judge of division B, over the protest and objections of relator, made said rule absolute, and transferred relator's suit to division D, in which said succession had been opened.

Relator attacks the order consolidating his suit with the mortuary proceedings as illegal, null, and void, on the ground that his is an ordinary action for a money judgment against a succession, and not a probate proceeding, and that said order of consolidation has wrongfully deprived relator of his right to trial by jury should he desire to demand same, as juries are not allowed in probate matters.

Relator prays for a writ of mandamus directed to respondent judge, Hon. Mark M. Boatner of division B of said court, ordering him to rescind the order of consolidation and to proceed in said division with the trial of said suit.

Respondent judge alleges the legality and propriety of the order made by him, as relator's suit is in part for services as attorney rendered in the opening and administration of said succession, and as such judgment as relator may obtain must be referred to the mortuary proceedings for ranking and payment.

The suit of relator is clearly a probate proceeding, in which trial by jury cannot be allowed. C. P. art. 1036; Succession of Bozant, 5 La. Ann. 709; Maxwell-Yerger Co. v. Rogan, 125 La. 1, 51 So. 48.

The order of respondent judge was therefore legal and proper.

The rule nisi issued herein is therefore

recalled, and the application of relator for a writ of mandamus is refused, and dismissed at relator's cost.

ST. PAUL, J., dissents.